EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARLOS PALACIOS AMADOR, acusado y apelante.

*Número:* CR-67-206     *Resuelto:* 29 de noviembre de 1968

*Rafael L. Ydrach Yordán,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General, y Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: En la noche del día 6 de septiembre de 1966 y en virtud de una orden de allanamiento expedida por un Juez del Tribunal de Distrito, los agentes de la policía registraron la residencia de Carlos Palacios Amador, sita en la calle Merhoff, Núm. 210 de Villa Palmeras, Santurce, P.R., ocupando allí material relacionado con el juego de la bolita.

En la declaración jurada que sirvió de base a la expedición de la orden de allanamiento, el agente Padilla declaró que el domingo 4 de septiembre de 1966, entre siete y ocho de la noche se encontraba en unión a Carlos Palacios Amador por la calle Juncos y Merhoff de Villa Palmeras; que Palacios se encontró con José Soto Zaragoza, quien guiaba el "Thunderbird" tablillas 759-867 en la calle Merhoff cerca de la residencia de Palacios. Amador; que Soto le entregó a Palacios varias libretas de *bolipool,* quien después de examinarlas dentro de la marquesina de su residencia y de unirlas a otras que sacó de un automóvil Pontiac, las contó, luego de lo cual entró a su residencia y las puso sobre la mesa del comedor; que las libretas eran color verde claro, con números de tres cifras impresos en tinta roja.

También depuso el agente Padilla en la referida declaración jurada que como a las dos de la tarde del martes 6 de septiembre de 1966 vio cuando un individuo, a quien describe, le entregó a Carlos Palacios Amador, a través de las rejas de la residencia de éste, un paquete dentro de una bolsa de papel de estraza, diciéndole: "toma, esto es lo del Junque", marchándose luego el individuo; que luego de coger el paquete, Palacios se quedó un rato conversando con el declarante a través de las rejas, diciéndole más tarde: "bueno negro, te dejo porque voy a chequear la colecta del Junque."

Carlos Palacios Amador y José Soto Zaragoza fueron acusados de infringir la Ley de Bolita por los hechos ocurridos el día 4 de septiembre de 1966. Los casos se identifican en el tribunal de instancia con los números M-66-1659 y M-66-1660. Luego de celebrarse el juicio correspondiente ante el Juez, Hon. Gerardo Carreira Más, ambos acusados fueron absueltos. Al dictar su sentencia el juez manifestó que ponía en duda la declaración prestada en el juicio por el agente Padilla, en relación con la presencia del automóvil de Soto Zaragoza en el sitio de los hechos ocurridos el 4 de septiembre de 1966.

Carlos Palacios Amador y su esposa Josefina Colón de Jesús también fueron acusados de infringir la Sec. 4 de la Ley Núm. 220 de 1948 (Ley de la Bolita) porque en la noche del día 6 de septiembre de 1966 tenían en su posesión y dominio y en su residencia, material relacionado con el juego de la bolita y/o *bolipool*. [1]

Celebrado el juicio ante otro magistrado del Tribunal Superior, Sala de San Juan, la señora Colón de Jesús fue absuelta y declarado culpable Carlos Palacios Amador.

En este recurso el apelante Palacios señala como errores 1) desestimar la defensa de *res judicata* promovida por el acusado, 2) declarar sin lugar la moción sobre supresión de evidencia, 3) sostener la validez de un allanamiento irrazonable, anticonstitucional y nulo, y 4) condenar al acusado con pruebas increíbles, altamente dudosas y fuertemente matizadas del elemento de fabricación.

El primer error referente a la desestimación de la defensa de cosa juzgada, no tiene mérito. El apelante des-

---

[1] El material ocupado en la residencia del acusado consistió de 379 listas de números de tres cifras seguidos de guión y otras cantidades al lado derecho apuntadas en distintas clases, tamaño y colores de papel, 1 libreta de *bolipool* de tres cifras impresas en tinta negra dentro de un cuadro rojo con las palabras "wahoo P.R." con números impresos del 021 al 948, $165.74 en moneda americana, de distintas nominaciones y una pluma *ballpoint*.

cansa su argumento en que habiendo el Juez Carreira Más absuelto a Palacios de la acusación imputándole la comisión de una infracción a la Ley de la Bolita el día 4 de septiembre de 1966, fundada dicha absolución en que el juez no dio crédito al testimonio del agente Padilla, había quedado adjudicada final y firmemente la falsedad de la declaración jurada de Padilla que sirvió de base a la expedición de la orden de allanamiento y como consecuencia juzgados los hechos (posesión y dominio de material de bolita y/o *bolipool*) cometidos por Palacios el día 6 de septiembre de 1966.

En primer lugar el Juez Carreira Más no resolvió que la declaración jurada de Padilla fuera falsa. En esa declaración jurada Padilla hizo referencia a unos hechos ocurridos el día 4 de septiembre de 1966 y a otros ocurridos el día 6 de septiembre del mismo año. Estos últimos hechos no estuvieron envueltos en el primer proceso seguido contra Palacios por los hechos cometidos el día 4 de septiembre. La absolución de Palacios se funda en la falta de credibilidad del testimonio de Padilla prestado en corte abierta durante el juicio. El juez no hizo pronunciamiento alguno en cuanto a la falsedad de la declaración jurada que sirvió de base a la expedición de la orden de allanamiento. El caso de *Pueblo* v. *Lugo*, 64 D.P.R. 554 (1945), citado por el apelante no favorece su teoría. Aquí no quedó adjudicada la falsedad de la declaración jurada de Padilla. De haberlo sido tal vez el acusado pudo suscitar la cuestión en moción para la supresión de la evidencia que se ocupó al diligenciarse el allanamiento y que se utilizó como prueba en el proceso por los hechos ocurridos en la noche del 6 de septiembre de 1966.

Los errores segundo y tercero que se refieren a la no supresión de la evidencia y la invalidez del allanamiento, tampoco fueron cometidos.

■ No es irrazonable el allanamiento porque un agente de la policía actuando como agente encubierto haya visto a Palacios infringir la ley el día 4 de septiembre y el día 6

del mismo mes, y no procediera a su arresto inmediato. Recuérdese que el día 6 de septiembre, Palacios estaba dentro de su residencia cuando recibió a través de las rejas, la colecta del Yunque. Ese mismo día el agente juró su declaración y obtuvo la expedición de la orden de allanamiento. No siendo irrazonable el registro y allanamiento y habiéndose practicado el mismo en virtud de una orden válida de allanamiento, no procedía la supresión de la evidencia ocupada.

■ Tampoco se cometió el cuarto error. El récord no demuestra que la prueba fuera fabricada por la policía. Tampoco es increíble, ni se asemeja a la del caso de *Pueblo* v. *Ayala Ruiz*, 93 D.P.R. 704 (1966). No puede haber duda alguna en éste caso de que allanada la residencia del acusado se ocupó en ella todo el material de bolita y/o *bolipool* que fue presentado en evidencia.

*Se confirmará la sentencia apelada.*

El Juez Asociado Señor Santana Becerra concurre en el resultado.